UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re | : | Chapter 13 |
| | : | |
| HERMAN FRANCIS DELONE, JR., | : | Bankruptcy No. 05-13430DWS |
| | : | |
| Debtor. | : | |

# ORDER

**AND NOW**, this 28th day of October 2005, upon consideration of the (1) the Debtor's request for confirmation of Chapter 13 plan filed August 19, 2005 (the "Plan"); (2) the Trustee's Motion to Dismiss, and (3) the Debtor's Motion for Stay Pending Appeal;

**And** the Court having entered an Order on September 21, 2005 (the "Relief Order") granting relief from stay to Wilshire Credit Corporation ("Wilshire") for "cause" for the reasons set forth in the Order which is incorporated herein;

**And** the Debtor filing the Stay Motion and Wilshire having filed an objection thereto;

**And** the Court finding that pursuant to Fed.R.Bankr.P 8005 the factors to be considered in determining whether to grant a stay pending appeal are: (1) whether the movant has made a showing of likelihood of success on the merits of the appeal; (2) whether the movant will be subject to irreparable harm if the stay is not granted; (3) whether the granting of the stay would substantially harm other interested parties; and (4) whether the granting of the stay would serve the public interest. <u>Pension Benefit Guaranty</u>

Corporation v. Sharon Steel Corporation (In re Sharon Steel Corporation, 159 B.R. 730, 733 (Bankr. W.D. Pa. 1993); PAS, Inc. v. PRN Pharmacy Systems, Inc. (In re PRN Pharmacy Systems, Inc.), 150 B.R. 441, 444 (Bankr. D. Ark. 1993); Meehan-Weinmann, Inc. v. Glen Eagle Square, Inc. (In re Glen Eagle Square, Inc.), 1991 WL 111486 at *2 (Bankr. E.D. Pa. 1991);

**And** the Relief Order having concluded that Debtor's plan, which seeks to pay a secured claim over 30 years, has no foundation in the law and can therefore not be the basis of a Chapter 13 rehabilitation;[1]

---

[1] I quote from the Relief Order on this issue:

The plan contemplates payments of $412.00 per month for 60 months, thus being funded at $24,720 while he is still retaining equity of $100,000 in the home. The payments are earmarked for taxes and unsecured creditors. The plan makes no pretense of paying Wilshire from plan funding but rather contemplates that Wilshire will receive payments of $1,550 per month for 30 years, presumably directly from Debtor. Notably, the monthly payment is approximately the amount of the current mortgage payment. Debtor states that since the mortgage has merged into the judgment, he will pay the judgment over 30 years "outside the plan." There is no right under bankruptcy law to pay a judgment over 30 years. A Chapter 13 plan may not provide for payments for a period in excess of five years. 11 U.S.C. § 1322(d). Labeling it a payment outside the plan does not alter that reality. More significantly, this is a obligation secured by a lien on real estate that is the debtor's principal residence and the rights of a holder of such a claim may not be modified by the Chapter 13 plan. 11 U.S.C. § 1322(b)(2). While it would not be a modification to reinstate the accelerated mortgage, the condition of so doing is curing the default. It has been long held that associated with the right to cure defaults in § 1322(b), is the ability to de-accelerate the mortgage and resume the original payment schedule so long as there has been no foreclosure. In re Taddeo, 685 F.2d 24, 26 (2d Cir. 1982). See also In re Clark, 738 F.2d 869 (7th Cir. 1984); Grubbs v. Houston First American Savings Ass'n, 730 F.2d 236 (5th Cir. 1984). In effect, Debtor's plan contemplates a reinstatement of the accelerated mortgage without curing the default. As the plan does not pay the mortgage arrears, it does not cure the mortgage default and the mortgage cannot be reinstated. In re Cruz, 152 B.R. 866, 868 (Bankr. S.D.

(continued...)

**And** the Debtor failing to provide any authority that would compel a different legal conclusion,[2] and accordingly I find that there is no possibility of success on appeal;

**And** the purpose of the automatic stay being to give the debtor a breathing spell to reorganize his affairs and not to obstruct a creditor from the exercise of its state law remedies;

**And** Wilshire having been stayed through three bankruptcy cases;[3]

**And** the granting of the stay pending appeal in effect would impose the same burden on Wilshire which I ruled was not warranted when I lifted the stay;[4]

---

(...continued)
N.Y. 1993). The fact that Debtor claims to be paying off the judgment, not the mortgage is irrelevant since the lien of the mortgage survives the foreclosure and must be dealt with consistent with §§ 1322 and 1325.

[2] Debtor cites In re Roach, 824 F.2d 1370 (3d Cir. 1987) as support for his statement that Third Circuit case law sanctions his plan. Roach involved the question of when under New Jersey law the debtor's right to cure and reinstate a mortgage expired so as to preclude the use of § 1322(b). However, Debtor has made clear that he does not intend to cure and reinstate the mortgage. He testified that there are no arrears due GMAC because his mortgage merged into the judgment and his plan intends to deal only with the judgment. Therefore Roach (which in any event has been legislatively overruled in 1994 by 11 U.S.C. § 1322(c)(1)) is inapposite.

[3] I shall take judicial notice of the docket entries in these cases. Fed.R.Evid. 201, incorporated in these proceedings by Fed.R.Bankr.P. 9017. See Maritime Elec. Co., Inc. v. United Jersey Bank, 959 F.2d 1194, 1200 n.3 (3d Cir. 1991); Levine v. Egidi, 1993 WL 69146, at *2 (N.D. Ill. 1993); In re Paolino, 1991 WL 284107, at *12 n. 19 (Bankr. E.D. Pa. 1991); see generally In re Indian Palms Associates, Ltd., 61 F.3d 197 (3d Cir. 1995). Case no. 03-18586 was filed on June 3, 2003 and dismissed on April 4, 2004. Case no. 04-31182 was filed on August 17, 2004 and dismissed on December 16, 2004. This case was filed on March 15, 2005. Debtor has in effect been under bankruptcy protection for the past two years, refiling in each instance before a scheduled sale could be held.

[4] Granting the relief here would give the Debtor more than he would be entitled to under the Bankruptcy Code. So long as the appeal is pending, he could continue to use the property without payment and the mortgagee would be powerless to do anything other than wait for the appeal to be decided.

**And** as the stay in this case is sought for no legitimate bankruptcy purpose, it is contrary to the public interest, striking at the integrity of the bankruptcy process and the balance Congress established between the rights of creditors and the debtor's fresh start;

**And** the Debtor's averred harm, <u>i.e.</u>, that failure to grant a stay pending appeal because the issues he seeks to appeal would become moot, provides no cause for granting a stay as that is simply the consequence of the execution of any judgment without a stay;

**And** in any event the Debtor having within his power to preserve those issues by posting a bond and not having sought to do so;

**And** the Court having concluded that a stay should not be granted to allow the Debtor to pursue his legally frivolous plan, it likewise follows that he cannot secure confirmation of it;

**And** having been afforded ample time to present a confirmable plan and failing to do so, cause exists to dismiss pursuant to § 1307(c)(1) and (c)(5);

It is hereby **ORDERED** that confirmation of the Plan is **DENIED**;

**And** it is **further ORDERED** that this bankruptcy case is **DISMISSED**.[5]

DIANE WEISS SIGMUND<br>
Chief U.S. Bankruptcy Judge

---

[5] Dismissal of this case renders the Debtor's appeal of the Order lifting the automatic stay moot.

              Document          Page 5 of 5

In re Herman Francis Delone, Jr. - Bankruptcy No. 05-13430DWS

<u>Copies to</u>:

Herman Francis deLone, Jr.
478 St. Davids Avenue
Wayne, PA  19087

Herman Francis deLone, Jr.
P.O. Box 361
Wayne, PA  19087

Stephen M. Hladik, Esquire
425 West Main Street
Lansdale, PA  19446

William C. Miller, Esquire
Standing Chapter 13 Trustee
P. O.  Box 40119
Philadelphia, PA 19106-0119